**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cr-00356-LDG-LRL |
| v. | ) |
| | ) **O R D E R** |
| JEANNIE SUTHERLAND, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the court is defendant, Jeannie Sutherland's, Renewed Motion to Sever Defendant Sutherland from Defendants Williams, Winget, Nunes, and Toren (#102). Sutherland seeks an order severing her trial from that of her co-defendants on the grounds that (1) the government lacks the evidence necessary to properly join her as a defendant in the alleged conspiracy; (2) she will present a mutually antagonistic defense, in effect acting as a "second prosecutor" against her co-defendants; and (3) the jury will not be able to separate the weight of the evidence against her from the weight of the evidence against her co-defendants.[1] The court has considered the Motion (#102), the government's Opposition (#108), and Sutherland's Reply (#117). For the following reasons, the motion (#102) will be denied.

**Background**

On July 7, 2010, a federal grand jury returned a two-count Indictment charging Sutherland and

---

[1] On December 6, 2010, Sutherland filed a Motion to Sever Defendant Sutherland from Defendants Williams and Winget (#55), arguing that severance was appropriate because (1) the government lacks evidence to tie her to the conspiracy; (2) the *Bruton* doctrine would necessitate separate trials; and (3) she and Williams would have mutually antagonistic defenses. The government filed an Opposition (#84) to the motion (#55) on December 17, 2010, and Sutherland filed a Reply (#93). She filed the instant motion (#102) before the court ruled on the prior motion (#55). Sutherland does not tender the *Bruton* argument in the Renewed Motion (#102).

two co-defendants, John J. "Jack" Williams and Carson Winget, with Conspiracy to Commit Mail, Wire, and Bank Fraud, in violation of 18 U.S.C. § 1349, and one count of Bank Fraud, in violation of 18 U.S.C. § 1344. Dkt. (#18). The charges arise from the sale of a home at 2897 S. Buffalo Drive in Las Vegas, Nevada, which took place in June, 2007. Sutherland was the sellers' agent and Williams was the agent for the buyer. On December 8, 2010, the grand jury returned a Superseding Indictment (#60), which added two defendants, Kelly Nunes and Michael Toren, and an additional count of Bank Fraud in connection with a January, 2007 sale of a home located at 11523 Noors Avenue in Las Vegas, Nevada. In the additional Bank Fraud count, it is again alleged that Sutherland acted as the sellers' agent and Williams acted as the buyer's agent. Sutherland filed the instant Renewed Motion for Severance (#102) on April 4, 2011. Jury trial is currently scheduled for June 27, 2011. Order (#85).

**Discussion**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14 recognizes that even when defendants are properly joined under Rule 8(b), severance may be appropriate to avoid prejudice to a defendant. *See* Fed. R. Crim. P. 14(a); *see also* Fed. R. Crim. P. 8(b). Yet Rule 14 "sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir.1994). To justify severance the defendant bears the burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way – by severing the trial." *United States v. Castro*, 877 F.2d 988, 996 (9th Cir. 1989) (citation omitted). To warrant a severance, joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Galindo*, 243 F.R.D. 660, 662 (D. Haw. 2007) (citing *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981)). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Castro*, 877 F.2d at 996 (citation omitted).

. . .

*Improper Joinder*

Sutherland argues that the Superseding Indictment makes only vague and conclusory assertions "in an attempt to create a means to join Defendant Sutherland to the other Defendants." It is well settled in the Ninth Circuit that a conspiracy count may provide the necessary link to satisfy Rule 8(b). *United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir. 1982) (citing *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978), *cert. denied*, 439 U.S. 1006 (1978); *see also United States v. Donaway*, 447 F.2d 940 (9th Cir. 1971). The government, however, may not add a conspiracy count merely to bypass the requirements of Rule 8(b); the count must be charged in good faith. *United States v. Adams*, 581 F.2d at 197 (citing *Donaway*, 447 F.2d at 943). Joinder is proper when the same facts must be adduced to prove each of the joined offenses. *United States v. Portac, Inc.*, 869 F.2d 1288, 1294 (9th Cir.1989). It is not necessary that all defendants be charged in each count. Rule 8(b).

Here the Superseding Indictment alleges that Sutherland, Williams, Winget, Nunes and Toren participated in a conspiracy whose object was to devise a scheme and artifice to defraud a financial institution by means of materially false and fraudulent pretenses, representations, and promises and material omissions. According to the government, Sutherland, who represented the sellers in the Noors and Buffalo property sales, helped create room for kickbacks paid through an escrow account controlled by Williams. Sutherland allegedly benefitted by receiving a greater realtor's commission and by receipt of a portion of the kickback, paid to her by Williams in the form of four cashiers' checks. Opp'n (#108) at 3. Viewing the evidence in a light most favorable to the government, it is sufficient to establish the government's good faith in including Sutherland in the conspiracy count. *Adams*, 581 F.2d at 197 (citing *United States v. Glasser*, 315 U.S. 60, 80 (1942); *United States v. Valdovinos*, 558 F.2d 531 (9th Cir. 1977)).

*Mutually Exclusive or Antagonistic Defenses*

Sutherland next argues that joinder is prejudicial because her defense is antagonistic and mutually exclusive to that of her co-defendants. Severance is necessary when "[e]ach defense theory contradicts the other in such a way that the acquittal of one necessitates the conviction of the other."

*United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991); *see also United States v. Sherlock*, 962 F.2d 1349, 1362 (9th Cir. 1992) (severance proper where "'the acceptance of one party's defense will preclude the acquittal of the other party'")(quoting *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983)). Sutherland must show that "the core of the co-defendant's defense is so irreconcilable with the core of [her] own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999). Mere antagonism between defenses is not sufficient to mandate severance, even where defendants blame each other. *Zafiro,* 506 U.S. at 538-539; *Ramirez*, 710 F.2d at 546 (citing *United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978)). Nor are defendants entitled to severance merely because they may stand a better chance of acquittal in separate trials. *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

Sutherland represents that her defense will be that she, herself, is a victim of her co-defendants, particularly Williams. She intends to show that Williams and his wife defrauded her when they rented her personal property, quit paying rent and caused extensive damage to the rental property. She will also present evidence that Williams, Nunes, and Winget were actively involved in activities similar to those alleged here prior to the 2007 sales of the Noors and Buffalo properties.[2] In this effort she will, in effect, be acting as a "second prosecutor" against her co-defendants.[3]

Here, severance is not warranted because the acquittal of Sutherland would not necessitate the conviction of her co-defendants. The jury could convict them all, acquit them all, or acquit some but convict others. *See, e.g., Tootick*, 952 F.2d at 1081 (severance necessary where "the acquittal of one necessitates the conviction of the other."). Nor has Sutherland established how a substantive right at trial would be prejudiced by attempt to "reinforc[e] the government's case" against Williams, Winget, and Nunes. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980), *cert. denied*, 449 U.S. 856 (1980) ("[The defendant] must also show violation of one of his substantive rights by reason of the

---

[2] The admissibility of such evidence under Rule 404(b) will be determined by the trial judge.

[3] Sutherland acknowledges that her defense is not mutually antagonistic to Toren's. Mot. (#102) at 28.

joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant."). None of the Rule 404(b) evidence pertains directly to the sale of Buffalo or Noors properties, or directly to the culpability of any party with regard to those transactions. Thus, should the trial judge disallow the evidence, Sutherland is not impeded in her ability to defend against the specific charges against her. However, even if the jury hears the evidence, it is not required to credit it. The jury could ignore the evidence, conclude that Sutherland merely entered a preexisting unlawful conspiracy, or conclude that no unlawful conspiracy existed at all.

*Prejudicial Spillover*

Sutherland next argues that due to the disparity in the weight of evidence against her as compared to Williams, Winget, and Nunes, she will be "unduly prejudiced by the allegations against [them], which include defrauding financial institutions on properties which were beyond the scope of the Noors and Buffalo properties." Mot. (#102) at 23. She worries that "[t]he tremendous spill-over from a joint trial with the co-defendants will create a high risk that the 'dangers of transference of guilt' will result in irreparable prejudice" to her. *Id.* at 24.

Joint trial is "particularly appropriate where co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004); *see United States v. Cruz*, 127 F.3d 791, 798-99 (9th Cir.1997), *overruled on other grounds by United States v. Jimenez Recio*, 537 U.S. 270 (2003). That "there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter." *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984). Nor is severance required simply because there is a disparity in the quality and quantity of evidence presented against the defendants. *See United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986) (affirming district court's refusal to sever trials of defendants charged with

1  offenses relating to a two-day marijuana conspiracy from the trial of defendants charged with the
2  additional offense of operating a continuing criminal enterprise). "Judicial economy justifies reliance
3  on the jury to follow the instructions of the court that segregate the evidence and limit the applicability
4  of the evidence to each defendant." *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987).
5  Nevertheless, severance is appropriate where a jury cannot "reasonably be expected to compartmentalize
6  the evidence as it relates to separate defendants." *Ramirez*, 710 F.2d at 546; *Escalante*, 637 F.2d at
7  1201.

8        While Sutherland contends that cautionary instructions to the jury will be ineffective because
9  "there will [be] such a gross disparity in the quantum of proof presented at trial as between Ms.
10 Sutherland and co-defendants Williams, Winget, and Nunes," she does not demonstrate why or how the
11 court's limiting instructions would be insufficient. *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th
12 Cir. 1991). She does not address whether any alleged prejudicial effect of the evidence relating to the
13 guilt of co-defendants would be "neutralized by careful instruction by the trial judge." *Escalante*, 637
14 F.2d at 1201; *see also United States v. Joetzki*, 952 F.2d at 1094 ("A defendant seeking severance based
15 on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the
16 insufficiency of limiting instructions given by the judge."). Her contention that the government lacks
17 evidence against her does not address the jury's ability to "collate and appraise the independent evidence
18 against each defendant in view of its volume and the court's limiting instructions." *United States v.*
19 *Sherlock*, 962 F.2d at 1360.

20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

6

Accordingly, and for good cause shown,

IT IS ORDERED that Sutherland's Renewed Motion to Sever Defendant Sutherland from Defendants Williams, Winget, Nunes, and Toren (#102) is denied.

IT IS FURTHER ORDERED that Sutherland's Motion to Sever Defendant Sutherland from Defendants Williams and Winget (#55) is denied as moot.

DATED this 25th day of May, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**