# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | 2:10-cr-00356-LDG-LRL |
| ) | |
| VS. ) | **ORDER** |
| ) | |
| ) | |
| JEANNIE SUTHERLAND, et. al., ) | |
|     Defendants. ) | |
| ) | |
| ) | |

Before the court is the defendant Jeannie Sutherland's Motion for a Bill of Particulars (#51) and Motion to Compel Production of Nancy Martinez's Handwriting Exemplar (#57). Sutherland seeks a Bill of Particulars from the Government providing specific answers to each of seven questions. For the reasons discussed, the court denies these outstanding motions.

**Background**

On July 7, 2010, a grand jury returned a two-count indictment charging Sutherland, and co-defendants Williams and Winget, with one count of Conspiracy to Commit Mail, Wire, and Bank Fraud, in violation of 18 U.S.C. § 1349, and one count of Bank Fraud in violation of 18 U.S.C. § 1344 (#18). The charges arise from the sale of a home at 2897 S. Buffalo Drive, Las Vegas, Nevada. Sutherland was the sellers' agent, and Williams was the agent for the buyer. Sutherland filed the instant Motion for a Bill of Particulars on December 3, 2010. On December 8, 2010, the grand jury returned a Superseding Indictment adding defendants Nunes and Toren and an additional count of Bank Fraud in connection with the sale of a home located at 11523 Noors Avenue, Las Vegas, Nevada. Sutherland again acted as the sellers' agent, and Williams again acted as the buyer's agent in this sale.

**Discussion**

**A.    Bill of Particulars**

Federal Rule of Criminal Procedure 7(f) provides that a court may order the Government to file a Bill of Particulars. The court has the discretion to grant the request for a Bill of Particulars. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). A Bill of Particulars serves three purposes: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). An indictment charging conspiracy is sufficiently clear if it alleges the agreement, the object which the agreement targets and an overt action in furtherance of the conspiracy. *Geise*, 597 F.2d at 1177. The Government is not required to disclose all overt acts in the furtherance of a conspiracy. *Id.* at 1180.

The Indictment (#60) charges Sutherland with Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud, and two separate counts of Bank Fraud and Aiding and Abetting. The Indictment states the defendants did knowingly and intentionally combine, conspire, and agree with others to commit the offenses of Wire Fraud, Mail Fraud, and Bank Fraud. #60 at 3. The Indictment lists two properties which were the alleged objects of the conspiracy. *Id*. at 5-6. The Indictment lists several alleged actions which qualify as overt actions in furtherance of the conspiracy. The Indictment defines and states the elements necessary for conviction for each offense. #60 at 3-4. The Indictment also describes the manner and means the Government asserts the defendants used to carry out the offenses. *Id.* at 3-8.

Sutherland presents a series of interrogatories to be answered by the Government under the name of a Bill of Particulars. The Indictment and the statutes related to the Indictment clearly illuminate the specific elements required for conviction. The Government is not required to disclose every overt act in furtherance of a conspiracy. *Geise*, 597 F.2d at 1180-81. Sutherland does not claim, nor does it appear, that the Government has failed to provide required disclosures and discovery. Sutherland also fails to demonstrate that the Indictment is unclear or that an appropriate defense cannot be presented.

**B.     Hand Writing Exemplar**

Federal Rule of Criminal Procedure 47(b) requires that a motion must state the grounds on which it is based. Sutherland fails to cite any precedent for ordering a potential witness to provide a handwriting exemplar. The Government states, and Sutherland does not refute, that Sutherland is in possession of numerous examples of Mrs. Martinez's signature. #86 at 3. Sutherland fails to demonstrate the necessity of the requested handwriting exemplar.

### Conclusion

Accordingly, and for the reasons stated,

THE COURT HEREBY ORDERS that Sutherland's Motion for a Bill of Particulars (#51) is DENIED.

THE COURT FURTHER ORDERS that Sutherland's Motion to Seal Exhibits D and E (#52) is GRANTED.

THE COURT FURTHER ORDERS that Sutherland's Motion for Leave to File Declaration of Jeannie Sutherland (#54) is DENIED as moot.

THE COURT FURTHER ORDERS that Sutherland's Motion to Compel Production of Nancy Martinez's Handwriting Exemplar (#57) is DENIED.

THE COURT FURTHER ORDERS that Winget's Motion for Joinder (#59) is DENIED as moot.

Dated this _13_ day of July, 2011

_____
Lloyd D. George
United States District Judge