FILED _____   _____ RECEIVED
ENTERED _____   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 3 0 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JEANNIE SUTHERLAND, et al,

     Defendants.

2:10-cr-0356-LDG-LRL

**ORDER**

     Defendant Jeannie Sutherland has filed a motion for a new trial (#293, response #299). Federal Rule of Criminal Procedure 33(a) provides that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Sutherland attacks her conviction on four grounds.

     Sutherland first argues that the court improperly instructed the jury on the issue of materiality of her alleged false statements. The court used the language from the Ninth Circuit pattern instruction 8.127 in instructing the jury as to the materiality element in bank fraud: "[T]he statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property." Sutherland argues that the instruction should have stated that the statements were material if they were capable of influencing the decision-making body of the particular lender involved, rather than a generic financial institution. The court previously ruled that in the materiality analysis a jury must look at the "intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end," see United States v. Peterson, 538 F.3d 1064, 1072 (9th Cir. 2008), and that "a misrepresentation may be material without inducing any actual reliance." United States v.

1   Blixt, 548 F.3d 882, 889 (9th Cir. 2008).  Therefore, the Ninth Circuit pattern instruction as given

2   by the court on the issue of materiality correctly conveys the objective nature of the standard.

3          Sutherland next argues that evidence in the government's case-in-chief of the findings and

4   conclusions of the Nevada Real Estate Commission in its sanction of Sutherland on March 31,

5   1998, which related to paying a buyer's closing costs, were unduly prejudicial and should not have

6   been admitted.  Before and during trial, the government argued that under Fed. R. Evid. 404(b)

7   Sutherland's prior discipline was relevant to show her knowledge and intent when she secretly

8   paid the closing costs for the Buffalo Drive transaction in this case, and the court agreed.

9   Furthermore, the court determined that the probative value of the evidence was not substantially

10  outweighed by the danger of unfair prejudice, especially in view of the court's charge to the jury

11  that the sanction was for a non-criminal administrative violation not charged in this case, and that

12  the jury was to consider the evidence only for its bearing on Sutherland's intent, knowledge and

13  absence of mistake and for no other purpose.  The court concludes that its previous determinations

14  on this issue were sound.

15         Sutherland also argues that her motion for severance should have been granted.  Before

16  trial, the court determined that Sutherland had not shown that her defenses were mutually

17  antagonistic to other defendants, and during trial, Sutherland did not present the evidence which

18  she maintained would require severance.  Morever, there is no indication in the record that the jury

19  was not able to assess Sutherland's individual liability or compartmentalize from the other

20  defendants the allegations and charges against her.  The court instructed the jury to do so, and

21  there is no indication it did not follow that charge.  Sutherland was acquitted as to one of three

22  counts against her, and convicted of the conspiracy and the Buffalo Drive bank fraud counts, both

23  of which were supported by evidence that the purpose of the scheme was to inflate the purchase

24  price to obtain cash kickbacks and evidence of Sutherland's knowledge of and involvement in

25  those aspects.  The denial of severance does not merit a new trial.

26

2

1   Finally, Sutherland re-argues that the government failed to prove that she participated in a

2   scheme to obtain money or property under the custody or control of a federally insured or

3   chartered financial institution because MortgageIT is not so chartered or insured.  At trial,

4   however, the government submitted evidence that the title company handling the closing of the

5   Buffalo and Noors transactions held the funds in its account at U.S. Bank, a federally insured

6   institution, and that an object of the conspiracy was to obtain funds from that escrow account.

7   The co-conspirators' commissions, including Sutherland's, and the kickback paid to Williams on

8   the Noors property were drawn on the escrow account at U.S. Bank.  Furthermore, while the

9   government argued at trial that the Ninth Circuit does not require a showing that the institution

10  was exposed to a risk of loss, the court instructed the jury otherwise.  As the government points

11  out, the record supports various ways in which U.S. Bank was exposed to risk of loss as a result of

12  the scheme.

13  The court concludes that, as addressed by the government, the remaining points presented

14  in Sutherland's motion for new trial lack merit.  Accordingly,

15  THE COURT HEREBY ORDERS that defendant Jeannie Sutherland's motion for new

16  trial (#293) is DENIED.

17

18  DATED this _30_ day of May, 2012.

19

20  Lloyd D. George

21  United States District Judge

22

23

24

25

26

3