UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEANNIE SUTHERLAND, et al,<br><br>    Defendants. | 2:10-cr-0356-LDG-LRL<br><br>**ORDER** |

      Defendant Jeannie Sutherland has filed a motion for bail pending appeal (#388, opposition # 393, reply #396).  Title 18 U.S.C. § 3143(b)(1) governs the availability of release pending appeal of a defendant who has been found guilty of an offense and sentenced to a term of imprisonment. To obtain bail pending appeal, the convicted defendant must prove "(1) [by clear and convincing evidence] that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purposes of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).

      The parties contest whether Sutherland's appeal has raised a substantial question of law or fact.  "[T]he word "substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." Id. at 1281.  A "substantial question" is a question that is "fairly debatable," or "fairly

1  doubtful,"–and has been described as a question "of more substance than would be necessary to a
2  finding that was not frivolous." Id. at 1281-83.

3      Here, Sutherland has not raised a question that is fairly debatable or fairly doubtful.
4  Sutherland asserts that the performance of her trial counsel was constitutionally ineffective,
5  contending that "the errors of her trial counsel were readily apparent from the record" and that "her
6  trial counsel failed to properly address numerous pieces of evidence presented by the Government
7  and failed to make timely and proper objections." However, Sutherland does not articulate the
8  errors to which she refers, elaborate upon the evidence to which counsel allegedly failed to object,
9  or explain how such errors prejudiced her to the point that would likely result in reversal.

10      Sutherland also argues that she should have been granted severance from her co-
11  defendants. This argument was extensively briefed before trial. While Sutherland asserted at that
12  point that her defense was mutually antagonistic to her co-defendants', the defense she presented
13  at trial was aligned with that of her co-defendants in that all three argued that the scheme was
14  perpetrated by others and that the sales prices and kickbacks were known to the lender. Also, the
15  court gave a definite limiting instruction to the jury regarding deciding the charges as to each
16  defendant separately. See Instruction No. 3. Finally, Sutherland has cited nothing to indicate that
17  the jury was unable to distinguish between her and her co-defendants, especially in view of the
18  jury's acquittal of Michael Toren, one of Sutherland's two co-defendants.

19      Finally Sutherland asserts that the court improperly admitted Fed. R. Evid.404(b) evidence
20  that she had been sanctioned by the Nevada Real Estate Division for paying the buyer's closing
21  costs. This evidence was relevant to the government's theory that Sutherland advanced the
22  conspiracy by secretly and fraudulently fronting the closing costs for the Buffalo Drive transaction,
23  and showed Sutherland's knowledge and intent related thereto. Moreover, Sutherland put her
24  mental state at issue by arguing that she was the victim in the scheme. Finally, the court mitigated
25  unfair prejudice by offering a clear, limiting instruction regarding the jury's consideration of the
26

administrative violation "only for its bearing, if any, on the question of Ms. Sutherland's intent, knowledge, and absence of mistake and for no other purpose." See Instruction No. 8. Accordingly,

THE COURT HEREBY ORDERS that Sutherland's motion for bail pending appeal (#388) is DENIED.

DATED this 25 day of October, 2012.

_____
Lloyd D. George
United States District Judge

3