UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 2:10-CR-356-LDG-(VCF) |
| JEANNIE SUTHERLAND, | ) ) ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE AS TO WELLS FARGO BANK, NATIONAL ASSOCIATION, AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, and WELLS FARGO BANK, NATIONAL ASSOCIATION, ("Wells Fargo") and its counsel, Michael W. Chen, McCarthy Holthus LLP, stipulate as follows:

On December 8, 2010, the Grand Jury sitting in Las Vegas, Nevada returned a Three-Count Criminal Superseding Indictment, charging Jeannie Sutherland ("Sutherland") in Count One with Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud in violation of 18 U.S.C. §§ 1341, 1343,1344, and 1349; in Count Two and Three with Bank Fraud in violation of 18 U.S.C. § 1344; and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(2)(A); and 21 U.S.C. § 853 (p). Criminal Superseding Indictment, ECF No. 60.

On February 2, 2012, Sutherland was found guilty by a jury as to Counts One and Three of the Criminal Superseding Indictment (ECF No. 60). Jury Trial Minutes, ECF No. 286; Jury Verdict Form, ECF No. 287.

On February 9, 2012, an Order of Forfeiture (ECF No. 294) was entered against Sutherland for $965,000 in United States Currency. On February 15, 2012, this Court rescinded and vacated the Order of Forfeiture (ECF No. 294). Order Rescinding and Vacating Order of Forfeiture, ECF No. 298.

On May 16, 2012, an Amended Order of Forfeiture (ECF No. 330) was entered against Sutherland for $2,350,350 in United States Currency. Thereafter, the United States recognized a mathematical error and this Court entered a Second Amended Order of Forfeiture (ECF No. 345) correcting the criminal forfeiture money judgment from $2,350,350 in United States Currency to $2,341,350 in United States Currency.

On September 4, 2012, an Order of Forfeiture (ECF No. 378) for sentencing was entered against Sutherland for $2,341,350 in United States Currency.

On September 6, 2012, this Court entered the Judgment in a Criminal Case (ECF No. 381) with the attached Order of Forfeiture (ECF No. 378) for Sutherland.

On March 28, 2014, the United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Jeannie Sutherland, specifically real property located at 9405 Shipboard Court, Las Vegas, Nevada 89117 based on the Order of Forfeiture entered at sentencing on September 4, 2012 (ECF No. 378).

On April 1, 2014, this Court entered the Substitution and Forfeiture Order (ECF No. 434).

1.   Wells Fargo knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the judicial forfeiture, or the criminal forfeiture of the following property: real property located at 9405 Shipboard Court, Las Vegas, Nevada 89117 ("property"). The property is more particularly described as follows:

Parcel I:

Lot One Hundred Twenty-Eight (128), in Block Four (4) of Mission Monterey Unit No. 2, as shown by map thereof on file in Book 40 of Plats, Page 9, in the Office of the County Recorder of Clark County, Nevada.

. . .

. . .

Parcel II:

A non-exclusive easement on and over the "Common Area" as defined in the Declaration of Covenants, Conditions and Restrictions to which reference is hereafter made for access, use, enjoyment, occupancy, ingress and egress of the amenities located hereon subject to the terms and provisions of said Declaration of Covenants, Conditions and Restrictions recorded January 20, 1987 in Book 870120 of Official Records, as Document No. 00088.

Together with any and all improvements and appurtenances thereon, Assessor's Parcel No. 163-07-813-014.

2. Wells Fargo knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

3. Wells Fargo knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

4. Wells Fargo knowingly and voluntarily agrees to waive its right to any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal forfeiture proceeding ("proceedings") of the property.

5. Wells Fargo knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

6. Wells Fargo knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

7. Wells Fargo knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

8. Wells Fargo knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents it filed in any proceedings concerning the property.

9. Wells Fargo knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

. . .

10. Wells Fargo knowingly and voluntarily agrees to waive its right to a trial on the forfeiture of the property.

11. Wells Fargo knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

12. Wells Fargo knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

13. Wells Fargo understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

14. After the forfeited property is sold and after the United States District Court has signed and entered the Final Order of Forfeiture and this Settlement Agreement for Entry of Order of Forfeiture as to Wells Fargo Home Mortgage, and Order ("Settlement Agreement") concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees that Wells Fargo will receive payment from the sale proceeds of the property. When the conditions in this paragraph are met and 9405 Shipboard Court, Las Vegas, Nevada 89117, APN: 163-07-813-014 is sold, the United States will transfer $157,363.21 to Wells Fargo, plus $22.78 per diem from July 1, 2014 until the date of payment. The United States will pay no attorney's fees.

15. Wells Fargo knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this Settlement Agreement, they will receive a notification from the Department of

the United States Treasury at the last address provided by them to the governmental agency or entity to whom the offset payment is made; (c) if they believe the payment may be subject to an offset, they may contact the Treasury Department at 1-800-304-3107; (d) the terms of this Settlement Agreement do not affect the tax obligations fines, penalties, or any other monetary obligations **owed** to the United States or an individual state; and (e) the exact sum delivered to Michael W. Chen, McCarthy Holthus LLP, on behalf of them, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

16. After the property is forfeited in the civil and criminal cases and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to Wells Fargo one payment of $157,363.21, plus $22.78 per diem from July 1, 2014, until the date of payment, less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Michael W. Chen, McCarthy Holthus LLP. Wells Fargo knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. Wells Fargo knowingly and voluntarily agrees the $157,363.21, plus $22.78 per diem from July 1, 2014, may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

17. If, due to accruing per diem interest charges or any other reason, the total to be paid to Wells Fargo equals or exceeds the fair market value of the property, this Settlement Agreement shall be null and void, and the United States may allow Wells Fargo to foreclose on the property.

18. Wells Fargo knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement.

19. Wells Fargo knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada,

the United States Department of the Treasury, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by it or any third party arising out of the facts and circumstances of this case.

20. Wells Fargo knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Wells Fargo now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

21. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

22. The Settlement Agreement contains the entire agreement between the parties.

23. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement for Entry of Order of Forfeiture as to Wells Fargo, and Order.

24. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

25. This Settlement Agreement for Entry of Order of Forfeiture as to Wells Fargo, and Order shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this

. . .

1  Settlement Agreement is the unofficial Southern Division of the United States District Court for the
2  District of Nevada, located in Las Vegas, Nevada.

3      26.    Each party shall bear their or its own attorneys' fees, interest, expenses, and costs.

4      27.    This Settlement Agreement shall not be construed more strictly against one party than
5  against the other merely by virtue of the fact that it may have been prepared primarily by counsel for
6  one of the parties; it being recognized that both parties have contributed substantially and materially
7  to the preparation of this Settlement Agreement.

8      IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable
9  cause for the seizure and forfeiture of the property.

10 DATED: 7/2/14                    DATED: 7/9/14
11 MCCARTHY HOLTHUS LLP         DANIEL G. BOGDEN
United States Attorney

13                                       /s/DanielD.Hollingsworth
MICHAEL W. CHEN                 DANIEL D. HOLLINGSWORTH
14 Counsel for WELLS FARGO        Assistant United States Attorney

17                                       IT IS SO ORDERED:

20                                       UNITED STATES DISTRICT JUDGE
21                                       DATED: 10 July 2014