DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:10-CR-356-LDG-(VCF) |
| | ) |
| JEANNIE SUTHERLAND, | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF THE 2003 GENERAL MOTORS HUMMER AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court for an Order for an Interlocutory Sale of a 2003 General Motors Hummer 4 door wagon, yellow in color, Vehicle Identification Number 5GRGN23U13H132389, bearing Nevada license plate 970 LSV ("property").

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

. . .

1    The ground for issuing an Order for an Interlocutory Sale is this Court is authorized to approve

2    interlocutory sales.  This Motion is made and is based on the papers and pleadings on file herein and the

3    attached Memorandum of Points and Authorities.

4    DATED this 23rd day of July, 2014.

5                                                        Respectfully submitted,

6                                                        DANIEL G. BOGDEN
                                                         United States Attorney
7

8                                                        */s/DanielD.Hollingsworth*
                                                         DANIEL D. HOLLINGSWORTH
9                                                        Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF THE CASE

### A. Procedural History

On December 8, 2010, the Grand Jury returned a Three-Count Criminal Superseding Indictment, charging Jeannie Sutherland ("Sutherland") in Count One with Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud in violation of 18 U.S.C. §§ 1341, 1343,1344, and 1349; in Count Two and Three with Bank Fraud in violation of 18 U.S.C. § 1344; and alleged forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(2)(A); and 21 U.S.C. § 853 (p). Criminal Superseding Indictment, ECF No. 60.

On February 2, 2012, Sutherland was found guilty by a jury as to Counts One and Three of the Criminal Superseding Indictment (ECF No. 60). Jury Trial Minutes, ECF No. 286; Jury Verdict Form, ECF No. 287.

On September 4, 2012, an Order of Forfeiture (ECF No. 378) for sentencing was entered against Sutherland for $2,341,350 in United States Currency.

On September 6, 2012, this Court entered the Judgment in a Criminal Case (ECF No. 381) with the attached Order of Forfeiture (ECF No. 378) for Sutherland.

On March 28, 2014, the United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Jeannie Sutherland (ECF No. 430), specifically real property located at 9405 Shipboard Court, Las Vegas, Nevada 89117.  On April 1, 2014, this Court entered the Substitution and Forfeiture Order (ECF No. 434).  On April 4, 2014, the United States Marshals Service ("USMS") took the substitute property into custody.  On April 8, 2014, the United States filed a Motion for an Interlocutory Order of Sale of Property (ECF No. 436).  On May 13, 2014, this Court entered the Interlocutory Order of Sale of Property (ECF No. 439).

On June 10, 2014, the United States filed a Sealed Ex Parte Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland (ECF No. 445), a 2003 General Motors Hummer 4 door wagon, . . .

yellow in color, Vehicle Identification Number 5GRGN23U13H132389, bearing Nevada license plate 970 LSV ("property") based on the Order of Forfeiture (ECF No. 378) entered at sentencing on September 4, 2012.

On June 12, 2014, this Court entered the Second Substitution and Forfeiture Order for the 2003 General Motors Hummer (ECF No. 447).

On June 30, 2014, the Federal Bureau of Investigation ("FBI") took the property into custody. Notice of Filing Service of Process Regarding 2003 General Motors Hummer - Take into Custody, ECF No. 454.

On July 22, 2014, the FBI personally served Jeannie Sutherland through her boyfriend, Dennis Heinreich, with the Motion to File this Motion and the Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland under Seal and Motion to Unseal and Order, the Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland, the Second Substitution and Forfeiture Order, and the Notice. Notice of Filing Service of Process Regarding 2003 General Motors Hummer - Personal Service, ECF No. ___.

On July 22, 2014, the FBI personally served Dennis Heinreich with the Motion to File this Motion and the Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland under Seal and Motion to Unseal and Order, the Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland, the Second Substitution and Forfeiture Order, and the Notice. Notice of Filing Service of Process Regarding 2003 General Motors Hummer - Personal Service, ECF No. ___.

**B.  Statement of Facts**

Sutherland owes a criminal forfeiture money judgment of $2,341,350 in United States Currency. On June 10, 2014, the United States filed a Sealed Ex Parte Second Motion to Substitute and to Forfeit Property of Jeannie Sutherland (ECF No. 445), a 2003 General Motors Hummer 4 door wagon, yellow in color, Vehicle Identification Number 5GRGN23U13H132389, bearing Nevada license plate 970 LSV based on the Order of Forfeiture (ECF No. 378) entered at sentencing on September 4, 2012.  On June 12, 2014, this Court entered the Second Substitution and Forfeiture Order (ECF No. 447).  On June 30,

2014, the FBI took the property into custody.  The United States now requests this Court to authorize the USMS to sell the property through one of its approved methods.  The purpose of the interlocutory sale is to liquidate the property to allow for easier management of the assets to be used towards Sutherland's criminal forfeiture money judgment, to reduce the cost of maintaining the property, and to avoid further depreciation.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale.  Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales.  "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7).  The United States may move this Court to order the above-mentioned "property sold if:"

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D).  Two of these four reasons for the interlocutory sale apply in this case regarding the 2003 General Motors Hummer 4 door wagon.  The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action and the expense of keeping the property is excessive or disproportionate to its fair market value.  The United States may sell the property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.").  The USMS will sell the property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered

1   forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g).  The sale proceeds of the

2   property will be the "substitute res subject to forfeiture in place of the property that was sold."

3   Supplemental Rules G(7)(b)(iv).  "The proceeds must be held in an interest-bearing account maintained

4   by the United States pending the conclusion of the forfeiture action." *Id*.

5   **III.  CONCLUSION**

6        The United States respectfully requests that this Court order the interlocutory sale of the property

7   under the following reasons (1) the property is perishable and is at risk of deterioration, decay, and

8   injury;  and (2) the expense of keeping the property is disproportionate to its fair market value.  Selling

9   the property through this interlocutory sale will protect the property, preserve its value, and liquidate the

10  property to allow for easier management of the assets to be used towards Sutherland's criminal forfeiture

11  money judgment.  By authorizing the interlocutory sale as discussed above, this Court will protect the

12  property, preserve the value of the property, and expedite the sale of the property through the USMS.

13       Dated this 23rd day of July, 2014.

14                                          Respectfully submitted,

15                                          DANIEL G. BOGDEN
                                            United States Attorney
16

17                                          */s/DanielD.Hollingsworth*
                                            DANIEL D. HOLLINGSWORTH
18                                          Assistant United States Attorney

19

20

21                                          IT IS SO ORDERED:

22

23

24                                          _____
                                            UNITED STATES DISTRICT JUDGE
25
                                            DATED:  _27_ ___August 2014_____
26

6